[No. B198883. Second Dist., Div. One. Feb. 28, 2008.]

MICHAEL J. HARRINGTON, Plaintiff and Appellant, v.
PAYROLL ENTERTAINMENT SERVICES, INC., Defendant and
Respondent.

**590**

## COUNSEL

Harris & Ruble, Alan Harris and Abigail Treanor for Plaintiff and Appellant.

Law Offices of Gregory W. Smith and Gregory W. Smith for Defendant and Respondent.

## OPINION

**VOGEL, J.**—This was a dispute about $44.63 in unpaid overtime, which was settled for $10,500, after which plaintiff asked the trial court for about

$46,000 for his attorney fees. The trial court denied the motion outright, and plaintiff now appeals on the ground that he has a statutory right to recover his reasonable fees. We agree, reverse the order, and award him $500 for his fees.

## FACTS

### A.

For one 14-hour day, Michael J. Harrington (an off-duty police officer) provided traffic and crowd control services for a movie, Man in the Chair (Outsider Pictures 2007). The movie's payroll services provider, Payroll Entertainment Services, Inc. (PESI), relying on a formula provided by the Los Angeles Police Protective League, underpaid Harrington by $44.63 (his gross pay should have been $803 instead of $758.37). Two weeks later, Harrington filed this class action against PESI, alleging various Labor Code violations on behalf of himself and a class comprised of retired and off-duty police officers to whom PESI had issued checks. PESI answered.

Harrington filed a formulaic motion for class certification. In opposition, PESI explained there were only 16 officers who had worked on the film, that it had based its wage calculations on a memorandum issued by the Los Angeles Police Protective League without realizing that the formula set out in the memo violated California's overtime wage laws, and that the total amount at issue for all 16 officers was $714.08 ($44.63 x 16). The trial court denied the motion for class certification.

Shortly before trial, the case settled at a mandatory settlement conference. PESI agreed to pay $10,500 ($500 of which was to be paid to the State of California Labor and Workforce Development Agency for statutory penalties [Lab. Code, § 2699], the balance to Harrington), agreed that Harrington was the "prevailing party" for purposes of an attorney fee award, and agreed that the trial court would determine the reasonableness of the fee claimed by Harrington's lawyers.[1] The money was paid when due.

### B.

In due course, Harrington filed a motion for an award of attorney fees in which he asked for $46,277. According to the supporting documentation, five

---

[1] All section references are to the Labor Code.

lawyers and one paralegal worked on this case, with one lawyer billing 55.6 hours at $525 per hour, and another billing 67.15 hours at $275 per hour. PESI opposed the motion, contending the facts of this case did not justify any award of fees at all, let alone an award in the amount requested. The trial court denied the motion in its entirety, explaining its ruling thus:

"This putative class action case . . . alleged various violations of the Labor Code primarily having to do with the failure to pay for overtime hours and so-called 'pay stub' violations. [Harrington's] individual claim was for approximately $44 of overtime wages for one day of work. [¶] Other than a contested Motion for Class Certification, there was very [little] litigation in this case. The Motion for Class Certification was denied on September 28, 2006[,] in a written order [explaining] that [Harrington] had failed to rebut [PESI's] evidentiary showing that [PESI] was not [Harrington's] employer. Instead, the evidence showed that [PESI] was only a payroll company responsible for issuing paychecks to [Harrington] and others employed by a motion picture production company. The Court also ruled that [Harrington] had failed to meet the numerosity, typicality and superiority standards to justify a class action. [Harrington] thereafter failed to address these concerns and did not appeal the Court's order.

"Following the denial of class certification, the parties unsuccessfully mediated the case. Two mandatory settlement conferences followed and the case settled during the second of those conferences on January 11, 2007. [PESI] agreed to pay [Harrington] a total of $10,500. The parties further agreed that, for the purpose of seeking a later award of attorneys' fees . . . , [Harrington] would be deemed the prevailing party. Finally, each side agreed to bear their own costs. [¶] [Harrington] has now filed a motion seeking more than $46,000 in attorney's fees and more than $2200 in costs. [PESI] vigorously opposes this motion and argues that [Harrington] is not entitled to an award of any fees or costs. Alternatively, [PESI] argues that the amounts prayed for are unreasonable. [¶] . . . [¶]

"[Harrington] is requesting attorneys' fees for the work of five attorneys and one paralegal in this case. The rates for these attorneys range from a high of $525 per hour to a low of $200 per hour. Approximately 38% of the hours billed were by Mr. Harris who is claiming the $525 rate. Ms. Treanor has billed about 45% of the hours at $275 per hour. The Court has carefully

reviewed the time sheets submitted and finds that the hours billed were very high given the nature of this case. Much time is billed for 'drafting' and/or 'reviewing' documents by the multiple attorneys on the case."

In a footnote to the last sentence, the court noted: "Indeed, the Motion for Class Certification was arguably the most significant procedural step in this case. Once the motion was denied, this case reverted to its original form, *i.e.,* a claim for $44 in unpaid overtime." The court then continued: "Ultimately, this Court must conclude that a demand for attorneys' fees in excess of four times the amount recovered is unreasonable and excessive. While [Harrington] and his attorneys no doubt had hopes of turning this case into a major class action, that did not occur because neither the facts nor law supported such a result. The real dispute here was between a payroll company and a one day employee of a movie production company who was not paid $44 in overtime and whose pay stub was technically deficient. For these transgressions, [Harrington] has been paid a windfall of $10,500 which can and should be shared with his many attorneys. To award an additional amount of money for attorneys' fees would be confiscatory and unfair."

The court denied the motion, noting in a final footnote that "[t]he 'public benefit' of this settlement is minimal or nonexistent. [PESI] is a failing company and there was no apparent press or other outside interest in this case. Further, this Court takes judicial notice that there are numerous 'wage and hour' cases now being filed in Los Angeles County. The very small nature of this controversy is unlikely to have any major effect on employers in general or the movie industry in particular."

Harrington appeals from the order denying his motion for fees.

## DISCUSSION

### I.

Harrington contends he is entitled to an award of attorney fees as a matter of right. We agree.

It is undisputed that fees are recoverable in this action under section 1194, subdivision (a) (an employee paid less than his legal overtime compensation "is entitled to recover" his "reasonable attorney's fees, and costs of suit"),

section 2699, subdivision (g) (an employee whose action results in the payment of civil penalties "shall be entitled to an award of reasonable attorney's fees and costs"), and section 226, subdivision (e) (an employee "suffering injury" as the result of an employer's failure to provide a pay stub "is entitled to an award of costs and reasonable attorney's fees"). Because section 2699, subdivision (g), provides that Harrington "shall be entitled" to an award of fees, an award is a matter of right. (*Gouskos v. Aptos Village Garage, Inc.* (2001) 94 Cal.App.4th 754, 765 [114 Cal.Rptr.2d 558].)[2]

## II.

Under all three statutes, the most that Harrington is entitled to is his *reasonable* fee.

It is as plain to us as it was to the trial court that, from the outset, this was a dispute about $44.63 and that it was not viable as a class action. It is equally plain that Harrington was underpaid as the result of an honest mistake made in reliance on a formula provided by his union, not based on any willful or knowingly wrongful conduct by PESI. (Cf. § 203.) At the risk of understatement, there is no way on earth this case justified the hours purportedly billed by Harrington's lawyers.

We decline Harrington's invitation to remand the matter to the trial court for its determination of a fee. The record is sufficient to allow us to make that determination, thereby saving the parties the additional fees and costs they would incur in refreshing the trial court's recollection about this case, and avoiding any further expenditure of judicial resources. Given the nature of the dispute, the amount of the settlement, and the record on appeal, we are satisfied that the trial court could not reasonably award an amount in excess of $500, and thus fix the fee at that amount. (See *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096 [95 Cal.Rptr.2d 198, 997 P.2d 511]; cf. *Chavez v. City of Los Angeles* (2008) 160 Cal.App.4th 410 [72 Cal.Rptr.3d 783].)

---

[2] Given the reporter's transcript of the settlement as it was placed on the record and Harrington's reservation of his right to seek fees, we reject PESI's contention that the $10,500 settlement included attorney fees. (*Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 677 [186 Cal.Rptr. 589, 652 P.2d 437].)

## DISPOSITION

The order denying Harrington's motion for fees is reversed, and the cause is remanded to the trial court with directions to enter a new order granting the motion and ordering PESI to pay Harrington's reasonable attorney fees in the sum of $500 (without interest unless the amount remains unpaid after this opinion becomes final). The parties are to pay their own costs of appeal, including their own attorney fees.

Mallano, Acting P. J., and Jackson, J.,* concurred.

A petition for a rehearing was denied March 20, 2008, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied May 14, 2008, S162487.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.