FILED

AUG 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REYMUNDO PEREZ et al.,

        Plaintiffs–Appellees,

  v.

SAFETY-KLEEN SYSTEMS, INC.,

        Defendant-Appellant.

No.10-15829

D.C. No. 4:05-CV-05338-PJH

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted May 12, 2011
San Francisco, California

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and R.C. JONES,[**]
District Judge.

     Plaintiffs Remundo Perez and Jerrel Doane brought a class action lawsuit in

state court against their employer, Defendant Safety-Kleen Systems, Inc. The First

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
    [**]    The Honorable Robert C. Jones, United States District Judge for the
District of Nevada, sitting by designation.

Amended Complaint ("FAC") listed four claims: (1) Failure to Provide Meal Periods and Rest Breaks; (2) Failure to Provide Itemized Wage Statements; (3) Waiting Time Penalties; and (4) Unfair Competition. The district court granted partial summary judgment to Defendant and certified portions of the remaining claims, reserving its ruling on the third claim. After settlement, Plaintiffs claimed attorney's fees of $640,995.25 and requested a multiplier of 2.5. The district court awarded half the claimed fees, with no multiplier. Defendants appeal that award.

We review attorneys' fees awards under state law for an abuse of discretion. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 898 (9th Cir. 2006); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). California Labor Code section 226(e) makes an award of reasonable attorney's fees mandatory to an employee suffering an injury cognizable under section 226(a). *See* Cal. Labor Code § 226(e); *Harrington v. Payroll Entm't Servs., Inc.*, 72 Cal. Rptr. 3d 922, 925 (Ct. App. 2008). California Code of Civil Procedure section 1021.5 provides for attorney's fees in a broad range of actions and is known as the "private attorney general statute." *See EnPalm, LLC v. Teitler Family Trust*, 75 Cal. Rptr. 3d 902, 907 (Ct. App. 2008). Defendant does not dispute the availability of attorney's fees under these statutes, but argues that Plaintiffs' supporting affidavits were insufficient to establish a prevailing rate, that the district court did not properly

2

distinguish successful and unsuccessful claims, and that the district court did not properly calculate a lodestar amount. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the district court did not find that Plaintiffs adduced no evidence concerning the rate, but that Plaintiffs' attorneys' own attestations were the only evidence they adduced. Those attestations were sufficient. *Davis v. City of San Diego*, 131 Cal. Rptr. 2d 266, 273 (Ct. App. 2003).

Second, Defendant argues that the itemizations do not clearly enough separate work pertaining to successful claims from work pertaining to unsuccessful claims. But California appears to follow the rule announced in *Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983), which does not require the detailed parsing of attorney labor that Defendant demands. *See Envtl. Prot. Info. Ctr. v. Cal. Dep't of Forestry & Fire Prot.*, 118 Cal. Rptr. 3d 352, 368–69 (Ct. App. 2010); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) ("[W]hen faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." (citation and internal quotation marks omitted)).

Third, reasonable attorney's fees must be calculated using the "lodestar" method. *Chavez v. City of Los Angeles*, 224 P.3d 41, 51 (Cal. 2010). But so long as a trial court's conclusion can be rationalized in hindsight, the trial court has not abused its discretion in calculating or adjusting from the lodestar. *See Gorman v. Tassajara Dev. Corp.*, 100 Cal. Rptr. 3d 152, 198 (Ct. App. 2009). Here, unlike in *Gorman*, the rationale of the district court is clear. It concluded that the total settlement "did not actually secure relief corresponding with the primary focus or goal of the litigation overall" and therefore rejected Plaintiffs' proffered lodestar as unreasonable and recalculated it to be 50% of Plaintiff's figure "in order to account for the over-inclusion of recoverable claims, the limited success in view of the failure of the meal period/rest break claim, and the failure to establish a valid prevailing hourly rate." This was not a failure to calculate a lodestar, but a calculation at 50% of what Plaintiffs requested. This is not arbitrary because it matches the district court's rationale that Plaintiffs were entitled to only half of what they claimed because of overstatement in both hours and rates. The district court here followed the California court's suggestion in *Gorman* that "[i]nstead of calculating a total number of excessive hours, the trial court might have applied a

negative multiplier." 100 Cal. Rptr. 3d at 198.  The district court did not abuse its "considerable discretion."[1]

Finally, Defendant argues that because the district court wrote that the "vast majority" of the claimed hours related to unsuccessful claims, it could only have awarded 50% of the requested lodestar if it had in fact used hourly rates higher than those claimed by Plaintiffs, which would be inconsistent with district court's finding that those rates were too high.  But this conclusion relies on the incorrect premise that the district court found that the "vast majority" of the hours claimed related *purely* to unsuccessful claims.  Plaintiffs attest to have omitted such hours, and as Defendant itself notes, the district court found that as to the "mixed" claims, it was "impossible" neatly to separate work performed on successful claims from work performed on unsuccessful claims.

---

[1]Under federal law, trial courts are permitted to use "rough" estimations, so long as they apply the correct standard. *Fox v. Vice*, 2011 WL 2175211, ___ S. Ct. ____, (June 6, 2011) ("We emphasize, as we have before, that the determination of fees 'should not result in a second major litigation.'  The fee applicant . . . must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'  But trial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.  And appellate courts must give substantial deference to these determinations, in light of 'the district court's superior understanding of the litigation.'  We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it." (citations omitted)).

**AFFIRMED**.