Filed 5/12/14  Burgueno v. Epic Imports CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LOUIS BURGUENO,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>EPIC IMPORTS, LLC,<br><br>   Defendant and Respondent. | No. B240733<br>(Consolidated w/B244936)<br><br>(L.A. Super. Ct. No. BC430391)<br><br><br>**ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT]** |

It is ordered that the opinion filed herein on May 9, 2014, be modified in the following particular:

In the disposition on the last page, the allocation for the costs of appeal were omitted.  Therefore, the last sentence of the disposition should be added to read:

Parties to bear their own costs on appeal.

There is no change in the judgment.

_____

MOSK, Acting P. J.                                                    KRIEGLER, J.

Filed 5/9/14  Burgueno v. Epic Imports CA2/5 (unmodified version)
Opinion following rehearing
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LOUIS BURGUENO, | B240733 (Consolidated w/B244936) |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC430391) |
| v. | |
| EPIC IMPORTS, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Reversed and remanded in part, and affirmed in part.

Magnanimo & Dean, Lauren A. Dean and Frank A. Magnanimo for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

In these consolidated appeals, Louis Burgueno challenges the judgment entered after the jury returned a special verdict finding in favor of his former employer, Epic Imports, LLC (Epic) and its owners, Lori Pecarich and Jeffrey Mosich as to nine causes of action, and the trial court's orders denying his motions for new trial, judgment notwithstanding the verdict, and attorney fees. Burgueno contends: (1) the evidence was insufficient to support the jury's finding that Epic did not knowingly and intentionally fail to furnish him with accurate wage statements; (2) the evidence was insufficient to support the jury's finding that Epic's failure to pay him all wages upon termination was not willful and deliberate; (3) the trial court abused its discretion in excluding evidence; and (4) the trial court either lacked discretion or abused its discretion when it denied him attorney fees on the two causes of action under the Labor Code on which Burgueno prevailed.

Burgueno forfeited the first three contentions on appeal by failing to fully and fairly discuss conflicting evidence, properly cite to the record, and produce an adequate record. We conclude, however, that the trial court abused its discretion in denying attorney fees under Labor Code §§ 218.5 and 1194[1] for services rendered in connection with the recovery of unpaid wages and unpaid overtime compensation. We reverse the trial court's order denying attorney fees and remand for the trial court to calculate reasonable attorney fees under section 1194. In all other respects, the trial court's judgment and orders are affirmed.

## DISCUSSION

### Sufficiency of the Evidence and Exclusion of Evidence Contentions

With respect to Burgueno's first two contentions challenging the sufficiency of evidence supporting the verdict, "[a] party who challenges the sufficiency of the evidence to support a finding must set forth, discuss, and analyze all the evidence on that point,

---

[1] All statutory references are to the Labor Code, unless otherwise stated.

2

both favorable and unfavorable." (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218.) Our review of the record reveals that Burgueno failed to fully and fairly discuss conflicting evidence in the statement of facts, not even acknowledging the contrary testimony offered by witnesses.[2] Because Burgueno omitted evidence supporting the verdict, we deem his substantial evidence challenges forfeited. (*Ibid*.)

With respect to Burgueno's third contention that the trial court abused its discretion in excluding evidence, an appellant's opening brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) Burgueno neglected to cite the portion of the record in which the trial court made its ruling. It is not our burden on appeal to search the record for support of an appellant's arguments (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738), and we decline to root through the five volumes of reporter's transcripts in this case. Burgueno has not demonstrated an abuse of discretion.

Finally, it is the burden of an appellant to produce an adequate record on appeal that demonstrates that the trial court erred. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; *Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060.) "The [appellant] must affirmatively show error by an adequate record. [Citations.] Error is never presumed. It is incumbent on the [appellant] to make it affirmatively appear that error was committed by the trial court. [Citations.] . . . 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' (Orig. italics.) [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) In the absence of a proper record on appeal, the judgment is presumed correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Here, Burgueno failed to include the reporter's transcripts for the hearings on his motions for new trial and judgment notwithstanding the

---

[2] Epic did not respond to Burgueno's opening brief in either case.

verdict. Without a complete record, we do not have the necessary information to conduct a meaningful and fair appellate review of the trial court's orders denying those motions.

**Attorney Fees** [3]

Burgueno's complaint included eleven causes of action alleging violations of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) and the Labor Code against Epic and owners Pecarich and Mosich, including: (1) discrimination and harassment (all defendants); (2) failure to engage in the interactive process (all defendants); (3) failure to accommodate disability (all defendants); (4) retaliation for opposing unlawful employment practices pursuant to the FEHA (all defendants); (5) failure to prevent discrimination and harassment (all defendants); (6) wrongful termination / adverse treatment in violation of statute and public policy (all defendants); (7) intentional infliction of emotional distress (all defendants); (8) failure to pay overtime (Epic only); (9) failure to provide adequate meal and/or rest periods – premium wages (Epic only); (10) failure to maintain records and provide accurate itemized wage statements (Epic only); and (11) unlawful, unfair, fraudulent activity (all defendants). He prevailed on only two causes of action against Epic: count 8 for unpaid overtime compensation and count 9 for unpaid wages. Burgueno recovered a total award of $4,335.38, and requested attorney fees under sections 218.5 and 1194 in the amount of $241,931.15, consisting of a "lodestar" amount of $161,954.10, enhanced by a multiplier of 1.5. The trial court denied his motion for attorney fees in its entirety pursuant to Code of Civil Procedure section 1033, reasoning that "Burgueno recovered a small amount at trial. A multiplier of 1.5 is not applicable. The amount of fees is unreasonable in relation to the amount recovered at trial." Burgueno challenges the trial court's ruling.

---

[3] We filed our original opinion in this case (*Burgueno v. Epic Imports, LLC* (Mar. 28, 2014, B240733) [nonpub. opn.]), rejecting Burgueno's attorney fees contention on the basis of an inadequate record. Rehearing was granted on Burgueno's motion after he called to this court's attention the existence of a settled statement relating to the hearing on attorney fees. (Cal. Rules of Court, rule 8.268 (a), (d)).

4

In general, the standard of review on issues of attorney's fees and costs is abuse of discretion, and the decision of the trial court will only be disturbed when there is no substantial evidence to support the trial court's findings or when there has been a miscarriage of justice. (*Ellis v. Toshiba America Information Systems, Inc*. (2013) 218 Cal.App.4th 853, 882.) However, section 1194, relied upon by Burgueno in the instant case, makes an award of attorney fees mandatory for a party prevailing on a claim of receiving less than the legal minimum wage or the legal overtime compensation applicable to an employee. (See *Plancich v. United Parcel Service, Inc*. (2011) 198 Cal.App.4th 308, 313 ["Section 1194 gives a prevailing *employee* the right to recover attorney's fees and costs. . ."]; see also *Aleman v. AirTouch Cellular* (2012) 209 Cal.App.4th 556, 580; *Bell v. Farmers Ins. Exchange* (2001) 87 Cal.App.4th 805, 829.)

The trial court here denied Burgueno any award of attorney fees, even though the mandatory requirement of attorney fees under section 1194 was expressly called to the court's attention at the hearing of the right to attorney fees. Failure to award a reasonable amount of attorney fees was error. (*Harrington v. Payroll Entertainment Services, Inc.* (2008) 160 Cal.App.4th 589, 593-594.) The cause is remanded to the trial court to determine the reasonable amount of fees using the procedures outlined in *Ketchum v. Moses* (2001) 24 Cal.4th 1222, 1131-1136. We express no opinion on the proper amount of attorney fees to which Burgueno is entitled in this case.

## DISPOSITION

The judgment and the trial court's orders denying Burgueno's motions for new trial and judgment notwithstanding the verdict are affirmed. The trial court's order denying attorney fees is reversed and the cause is remanded for the trial court to calculate reasonable attorney fees under Labor Code section 1194.


KRIEGLER, J.


We concur:


MOSK, Acting P. J.


MINK, J.[*]

---

[*] Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.