Filed 2/17/15  Yoo v. Song CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JAE SOON YOO, | B256220 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC473365) |
| v. | |
| TIMOTHY JINHO SONG, et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Law Offices of Barry G. Florence and Barry G. Florence; Law Offices of Lee Law and Thomas M. Lee for Plaintiff and Respondent.

Marh & Associates, David Marh and Simon H. Langer for Defendants and Appellants.

_____

Appellants Timothy Jinho Song, Carol's Fashion, Inc. and Carol's Apparel, Inc. appeal from a judgment entered against them in the trial court, and a subsequent award of attorney's fees. The appeal as to the judgment was untimely, and appellants demonstrated no abuse of discretion with respect to the award of attorney's fees. The judgment and award of attorney's fees are affirmed.

## FACTURAL AND PROCEDURAL BACKGROUND

Plaintiff and respondent Jae Soon Yoo sued defendants and appellants Timothy Jinho Song, Carol's Fashion, Inc. and Carol's Apparel, Inc. ("Song") in November 2011, asserting claims for unpaid overtime, statutory penalties under Labor Code section 203, and Labor Code section 226, pay for meal and rest periods under Labor Code section 226.7, and unfair business practices. Yoo alleged she had been employed by defendants and required to work overtime, for which she was paid only her regular hourly salary; she also alleged that Song failed to provide her with paystubs, as required by law. Song filed general denials to the complaint. The case was tried to the court on September 16, 2013. The court ordered closing arguments, in the form of written memoranda, to be filed on September 23, 2013.[1] The court entered its judgment on December 11, 2013, awarding Yoo statutory penalties of $4,000.00 pursuant to Labor Code section 226(a) along with interests, costs, and attorney's fees. The clerk served the notice of entry of judgment on all parties on the same date.

On February 4, 2014, Yoo served and filed a motion for attorney's fees. Song opposed the motion. The court heard and granted the motion on March 6, 2014. The court awarded Yoo $41,500 in fees and directed the preparation of an amended judgment. The amended judgment was entered on March 14, 2014, and served by the clerk on all parties. Song appealed both the judgment and the order of attorney's fees on May 7, 2014.

---

[1] Yoo's brief is contained in the record, but Song's is not. The record does contain an objection to Song's brief so we assume for purposes of appeal that it was timely filed.

## DISCUSSION

**I.     The Appeal of the Judgment Is Untimely**

The clerk's service of the notice of entry of judgment on December 11, 2013, began a 60 day period in which the notice of appeal was required to be filed.  (Cal. Rules of Court, rule 8.104(a).)  If the notice was not filed within that period, we must dismiss the appeal.  (Cal. Rules of Court, rule 8.104(b).)  The appeal was filed on May 7, 2014, more than 90 days after the period expired.

Appellants' opening brief on appeal does not address in any manner the timeliness of their notice of appeal.  They assert in their reply brief that the filing was timely, because the initial period for filing their notice was extended by the filing of a Motion for New Trial, and that the amended judgment was entered prior to that time, starting a new period.  Appellants conceded that their initial decision not to file an appeal was intentional:  "[t]here was absolutely no reason to file an appeal on a $4,000 judgment, as the cost of appeal would be more."

Appellants argue that there is a split in authority on the question of whether the award of attorney's fees commences a new period for appeal of the entire judgment, urging this court to follow *Erickson v. R.E.M. Concepts, Inc.* (2005) 126 Cal.App.4th 1073, and to reject *Torres v. City of San Diego* (2007) 154 Cal.App.4th 214.[2]  We conclude the appeal was untimely.

An amended judgment restarts the clock for filing an appeal only where it substantially changes the original judgment.  A post-judgment award of attorney's fees, however, is not such a substantial modification.  (*Torres, supra*, 154 Cal.App.4th at p. 222.)

In *Torres*, the court entered judgment after a motion for summary judgment was filed, and as here, the prevailing party requested attorney's fees in a later noticed motion.

---

[2]     Appellants  request judicial notice of an unpublished opinion from this District. This apparent attempt to avoid the rule that prohibits the citation of unpublished cases is improper.  (Cal. Rules of Court, rule 8.1115.)

The appeal was filed after that motion, and was held untimely as to the summary judgment. The court held that the law was settled: where a modification adds only costs, attorney's fees, or interest, the substantial modification test is not met, and the party must appeal the underlying judgment, and the later award of fees, separately. (*Id.*; see also *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504-509 [distinguishing between cases affecting only monetary position of parties such as attorney's fees awards and those affecting substantial rights; only the latter extend the time to appeal].)

Appellant's reliance on *Erickson* does not require a different result. The issue in that case was whether the appeal from an order substantially reducing an earlier attorney's fee award was timely, or whether the time to appeal ran from the earlier order. The court concluded that the second fee order, because it was a substantial modification, was independently appealable from the first fee order, but did not consider or discuss whether that order was independently appealable from the underlying judgment on the merits. (*Erickson, supra,* 126 Cal.App.4th 1073 at pp. 1080-1081.) The case thus does not support the claim that the appeal in this case was timely.

Accordingly, this Court is without jurisdiction to consider the appeal of the judgment, and it is dismissed.

## II. The Trial Court Did Not Abuse Its Discretion in the Award of Attorney's Fees

Appellants challenge the trial court's award of attorney's fees under Labor Code section 226, as unreasonable, and based on a miscalculation. Song claimed that the hours should have been reduced to account for the causes of action on which Yoo did not recover; Song also asserted that the court erroneously used the wrong attorney's hours.

In its Notice of Ruling, the trial court set forth the basis for its award of attorney's fees.[3] It found that, while Yoo had been represented by two attorneys, only the trial attorney should be compensated. The court also held that the $575 per hour rate claimed

---

**3** The notice of ruling, prepared by Song's counsel, indicated that only attorney Florence's rate would be compensated but then indicated that the hours to be used in the calculation were those of attorney Lee. No transcript of the hearing was attached, nor is there a record of any request to correct what is asserted on appeal to be a miscalculation.

by trial attorney Florence was too high, and reduced it to $400 per hour, a rate the court deemed to be reasonable in the community. Finally, the court determined to use the hours of the other lawyer, Lee, as the basis for the total hours to be used in the case, and awarded the product of those hours at the amended rate. Song now claims that the court's calculation erroneously used the wrong hours.

Song has not demonstrated any attempt to correct this asserted miscalculation below by bringing it to the trial court's attention and seeking correction. As a result, Song has waived this argument on appeal. (See *Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 776 [failure to present issue to the trial court in a matter which would have allowed correction waives argument on appeal; "It is unfair to the trial judge and to the adverse party to take advantage of an alleged error on appeal where it could easily have been corrected at trial." (citing *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1)].)

Assuming the court's determination of the number of hours was intended, as we must on this record, we review that award for an abuse of discretion, deferring to the trial court because "[t]he experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49.) Thus, we reverse only if we find a "manifest abuse of discretion." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)

We find no such abuse of discretion here. In *Harrington v. Payroll Entertainment Services, Inc.* (2008) 160 Cal.App.4th 589, the primary case on which Song relies, a small judgment was obtained in a putative class action, settled before trial. The trial court concluded even that amount was a windfall where the underlying claim was for $44 in unpaid overtime, and declined to order attorney's fees. On appeal, the Court reversed, relying on the statutory mandate under the Labor Code, and set the fee at $500; the court concluded it should consider not only the damages recovered, but also the nature of the dispute, and the record of the proceedings. *(Id.* at p. 594.) Song wrongly concludes from

the outcome, but not the reasoning of *Harrington*, that in this case, where the judgment was smaller than the settlement in *Harrington*, the resulting fee should be no larger.[4]

The trial court in this case considered both the nature of the work done, including discovery, trial, and post-trial briefing, and the success achieved in awarding fees. The trial court reduced both the hourly rate and total number of hours. The court was not bound by the award in *Harrington*, as the facts, and the results, were different. Song has failed to demonstrate any abuse of discretion here.

## DISPOSITION

The appeal from the judgment is dismissed, and the award of attorney's fees is affirmed. Yoo is to recover her costs on appeal.

ZELON

We concur:

PERLUSS, P. J.

FEUER, J.*

---

[4]     Song erroneously attributes a statement by the trial court in *Harrington* that an award of attorney's fees would be "confiscatory and unfair" to the appellate court. This statement was part of the trial court's reasoning for denying fees, which ruling was reversed on appeal. We do not conclude that the award of attorney's fees here is confiscatory in light of the judgment.

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution