Filed 3/25/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ELINTON GRAMAJO, | B322697, B323024 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC694779) |
| v. | |
| JOE'S PIZZA ON SUNSET, INC., et al., | |
| Defendants and Respondents. | |

APPEALS from orders of the Superior Court of Los Angeles County. Jon R. Takasugi, Judge. Reversed and remanded.

Law Office of Alfredo Nava Jr. and Alfredo Nava for Plaintiff and Appellant.

The Linde Law Firm and Douglas A. Linde for Defendants and Respondents.

_____

# INTRODUCTION

Plaintiff and Appellant Elinton Gramajo sued Defendants and Respondents Joe's Pizza on Sunset, Inc.; Joe's Pizza on Sunset, LLC; and Giuseppe Vitale (together, Joe's Pizza) for Labor Code violations in connection with Gramajo's work as a pizza delivery driver. Gramajo recovered $7,659.93 after a jury trial. Gramajo requested attorney fees in the amount of $296,920 and costs in the amount of $26,932.84 under Labor Code section 1194, subdivision (a), which entitles prevailing employees to their reasonable litigation costs, including attorney fees. The trial court denied Gramajo's requests for fees and costs in their entirety, finding Gramajo's counsel severely over-litigated the case, and the requested fees and costs were grossly disproportional to Gramajo's limited trial success. The trial court relied on Code of Civil Procedure section 1033, subdivision (a), which gives trial courts discretion to deny prevailing plaintiffs their litigation costs when plaintiffs file their case as an unlimited civil proceeding but only recover an amount available in a limited civil case.

On appeal, Gramajo argues the trial court should have awarded him reasonable litigation costs under Labor Code section 1194, subdivision (a), and abused its discretion by applying Code of Civil Procedure section 1033, subdivision (a), to deny those costs in their entirety.

We agree with Gramajo. We hold employees who prevail in actions to recover unpaid minimum and overtime wages are entitled to their reasonable litigation costs under Labor Code section 1194, subdivision (a), irrespective of the amount recovered. We express no opinion on the reasonableness of Gramajo's requests for litigation costs. Accordingly, we reverse

2

and remand the matter for the trial court to determine a reasonable fee and cost award.

## FACTUAL AND PROCEDURAL BACKGROUND

Gramajo worked as a delivery driver for Joe's Pizza from February 2014 to June 2015.

In February 2018, Gramajo sued Joe's Pizza for failure to pay minimum and overtime wages (Lab. Code, §§ 510, 558, 1194), failure to provide rest and meal periods (Lab. Code, §§ 512, 226.7), failure to pay wages due at time of termination (Lab. Code, §§ 201, 202, 203), failure to reimburse for business expenses (Lab. Code, § 2802), and unfair business practices (Bus. & Prof. Code, § 17200). Gramajo also sought declaratory and injunctive relief.

After nearly four years of litigation and extensive discovery, the matter was set for trial in October 2021. Gramajo sought $26,159.33 in unpaid minimum and overtime wages, missed meal and rest breaks, waiting time penalties, and unreimbursed expenses. After a seven-day trial, the jury found in favor of Gramajo on his minimum wage and overtime causes of action. The jury awarded Gramajo $2.17 in unpaid minimum wages and $3,340 in unpaid overtime wages. In total, Gramajo recovered $7,659.63, consisting of the unpaid minimum and overtime wages; $2,115.59 in statutory interest; $2,100 in waiting time penalties calculated at the daily wage rate of $70 per day for thirty days per Labor Code section 203; $2.17 in liquidated damages; and $100 in statutory penalties.

Gramajo moved for attorney fees totaling $296,920 for 228.4 hours billed at $650 per hour and applying a multiplier of two. Gramajo also requested $26,932.84 in costs. Joe's Pizza

3

opposed the fee request and moved to tax Gramajo's costs in their entirety.

The trial court denied Gramajo's fee request and granted Joe's Pizza's motion to tax costs, ultimately awarding Gramajo nothing. The trial court found Gramajo acted in bad faith by artificially inflating his damages figure and including equity claims he never intended to pursue to justify filing the case as an unlimited civil proceeding. The trial court noted Gramajo sought $26,159.33 at trial, just over the jurisdictional amount, which included $10,822.16 in unreimbursed expenses. In trial, however, Gramajo never introduced any evidence to support his expense claim. Similarly, Gramajo never pursued injunctive or declaratory relief at trial despite requesting that relief in his complaint. The trial court also found the case was severely over litigated, noting Gramajo had propounded 15 sets of written discovery requests and noticed 14 depositions despite only admitting 12 exhibits at trial. In denying Gramajo's request for litigation costs, the trial court stated: "Plaintiff's case clearly should have been brought in limited jurisdiction, was extremely straightforward, and demanded very little skill. Despite this, Plaintiff's counsel repeatedly engaged in conduct which evinced a prioritization of gamesmanship over professionalism and which bore no proportional relationship to the work actually required to litigate the underlying claims. . . . [¶] . . . In light of the fact that this case should never have been filed in this jurisdiction, the gross disproportionality in the hours billed-for and the success obtained, and Plaintiff's counsel bad faith tactics, the [c]ourt finds the fee request to be so unreasonably inflated as to justify zero attorney fees recovered." The trial court denied Gramajo's costs on the same grounds.

4

Gramajo separately appealed the trial court's orders denying his fees and granting Joe's Pizza's motion to tax costs. We consolidated the appeals for purposes of opinion and oral argument.

## DISCUSSION

On appeal, Gramajo argues he is entitled to his reasonable litigation costs under Labor Code section 1194, subdivision (a), and that the trial court abused its discretion by relying on Code of Civil Procedure section 1033, subdivision (a), to deny his litigation costs in their entirety.

Without expressing any opinion on the reasonableness of Gramajo's requests or whether the case should have been filed in limited jurisdiction, we hold Gramajo was entitled to an award of his reasonable litigation costs under Labor Code section 1194, subdivision (a), and the trial court erred when it relied on Code of Civil Procedure section 1033, subdivision (a), to deny those costs in their entirety.

## I.    Standard of review and rules of statutory interpretation

Generally, we review a trial court's award of fees and costs for abuse of discretion. (*Frei v. Davey* (2004) 124 Cal.App.4th 1506, 1512.) However, when the determination of whether a party was entitled to its attorney fees and costs is a matter of statutory construction and presents a question of law, our review is de novo. (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.)

"Where, as here, we are called upon to interpret two seemingly inconsistent statutes to determine which applies under a particular set of facts, our goal is to harmonize the law [citation] and avoid an interpretation that requires one statute to

5

be ignored." (*Chatsky & Associates v. Superior Court* (2004) 117 Cal.App.4th 873, 876.) "Moreover, in looking at the relationship between two statutes, '[l]iteral construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided. [Citation.] . . . [E]ach sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed.' " (*McLaughlin v. State Bd. of Educ.* (1999) 75 Cal.App.4th 196, 211.)

" 'The courts assume that in enacting a statute the Legislature was aware of existing, related laws and intended to maintain a consistent body of statutes. [Citations.] Thus there is a presumption against repeals by implication; they will occur only where the two acts are so inconsistent that there is no possibility of concurrent operation, or where the later provision gives undebatable evidence of an intent to supersede the earlier; the courts are bound to maintain the integrity of both statutes if they may stand together.' " (*Hays v. Wood* (1979) 25 Cal.3d 772, 784.) " 'To overcome the presumption the two acts must be irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation. The courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together.' " (*Western Oil & Gas Assn. v. Monterey Bay Unified Air Pollution Control Dist.* (1989) 49 Cal.3d 408, 419–420 (*Western Oil*).)

## II. Labor Code section 1194 and Code of Civil Procedure section 1033

Labor Code section 1194, subdivision (a) provides: "[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The statute is a one-way fee shifting provision, whose purpose is to disincentivize violations of our minimum and overtime wage laws. (*Eicher v. Advanced Business Integrators, Inc.* (2007) 151 Cal.App.4th 1363, 1380.)

Code of Civil Procedure section 1033, subdivision (a) provides: "Costs or any portion of claimed costs shall be as determined by the court in its discretion in a case other than a limited civil case in accordance with Section 1034 where the prevailing party recovers a judgment that could have been rendered in a limited civil case." Our Supreme Court has explained Code of Civil Procedure section 1033, subdivision (a) "applies when a plaintiff has obtained a judgment for money damages in an amount (now $25,000 or less) that could have been recovered in a limited civil case, but the plaintiff did not bring the action as a limited civil case and thus did not take advantage of the cost- and time-saving advantages of limited civil case procedures." (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 982–983 (*Chavez*).) Code of Civil Procedure section 1033, subdivision (a), gives the trial court discretion to deny litigation costs to a plaintiff, who would otherwise be entitled to those costs as a matter of right. (*Chavez*, at p. 983.) The purpose of the statute "is to encourage plaintiffs to bring their actions as limited

7

civil actions whenever it is reasonably practicable to do so." (*Id.* at p. 988.)

III. **The trial court did not have discretion to deny Gramajo's fees and costs in their entirety under Code of Civil Procedure section 1033, subdivision (a)**

As an initial matter, we must determine whether Code of Civil Procedure section 1033, subdivision (a), and Labor Code section 1194, subdivision (a), are irreconcilable such that concurrent operation is impossible. (*Western Oil, supra,* 49 Cal.3d at p. 420.) We conclude they are.

On the one hand, Code of Civil Procedure section 1033, subdivision (a), gives the trial court discretion to deny litigation costs altogether when it finds the plaintiff failed to take advantage of the efficiency of a limited civil proceeding as evidenced by the plaintiff's recovery of less than the jurisdictional threshold. (*Chavez, supra,* 47 Cal.4th at p. 983.)

On the other hand, Labor Code section 1194, subdivision (a), provides for a mandatory award of reasonable litigation costs where an employee prevails on unpaid minimum and overtime wage claims irrespective of the amount recovered. (*Harrington v. Payroll Entertainment Services*, Inc. (2008) 160 Cal.App.4th 589, 593–594 (*Harrington*).)

Thus, one statute gives the trial court discretion to deny litigation costs based on the amount recovered while the other provides for a mandatory cost award regardless of that amount. Nor does either statute address the question of which one should control in this area of overlap, for example, by including qualifying language such as " '[e]xcept as otherwise provided by statute' or '[n]otwithstanding any other provision of law.' " (*Moreno v. Bassi* (2021) 65 Cal.App.5th 244, 257 (*Moreno*).)

8

Therefore, there is a discrepancy between the two statutes with respect to the trial court's discretion to award or deny litigation costs where an employee recovers unpaid minimum and overtime wages, but where his or her counsel seemingly overstates the value of the case and files in the incorrect jurisdiction. We find this discrepancy is an irreconcilable conflict that prevents the concurrent operation of the two statutes in the circumstances before us.

Given our conclusion that the statutes conflict, we must decide which one controls. (*Western Oil*, *supra*, 49 Cal.3d at p. 420.) We hold Labor Code section 1194, subdivision (a), controls given the legislative intent behind Labor Code section 1194, subdivision (a), and because that statute is more recently enacted and more specific relative to Code of Civil Procedure section 1033.

Generally, when two statutes conflict, a specific statute will take precedence over a general one, and a more recently enacted statute will take precedence over an earlier one. (Code Civ. Proc., § 1859; *Stoetzl v. Department of Human Resources* (2019) 7 Cal.5th 718, 749.) It is also " 'the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.' " (*People v. Gilbert* (1969) 1 Cal.3d 475, 479.)

Here, there is no question that Labor Code section 1194, subdivision (a), is the more recently enacted statute. The amendment to Labor Code section 1194 mandating the recovery of reasonable attorney fees was enacted in 1991 (*Moreno*, *supra*, 65 Cal.App.5th at p. 258, citing Stats. 1991, ch. 825, § 2, p. 3666)

9

while the relevant portion of Code of Civil Procedure section 1033, subdivision (a), was enacted in 1953 (*Chavez, supra,* 47 Cal.4th at p. 983, citing Stats. 1953, ch. 910, § 1, p. 2266).

We also find that Labor Code section 1194, subdivision (a), is the more specific statute relative to Code of Civil Procedure section 1033, subdivision (a). We find *Moreno, supra,* 65 Cal.App.5th 244 instructive on this point.

In *Moreno*, the court decided whether Code of Civil Procedure section 1031 controls over Labor Code section 1194, subdivision (a), when a prevailing employee recovers wages in an amount less than $300. (*Moreno, supra,* 65 Cal.App.5th at p. 249.) Code of Civil Procedure section 1031 provides: "In actions for the recovery of wages for labor performed, where the amount of the demand, exclusive of interest, does not exceed three hundred dollars ($300), the court shall add, as part of the cost, in any judgment recovered by the plaintiff or cross-complainant, an attorney's fee not exceeding 20 percent of the amount recovered." In *Moreno*, the employee recovered $16 in unpaid minimum wages and $16 in liquidated damages. (*Moreno*, at p. 248.) Relying on Code of Civil Procedure section 1031, the trial court awarded the employee $3.20 in fees. (*Moreno*, at p. 249.) The employee appealed, arguing she was entitled to her reasonable attorney fees under Labor Code section 1194, subdivision (a). (*Ibid*.)

The *Moreno* court agreed with the employee, finding Labor Code section 1194, subdivision (a), controlled over Code of Civil Procedure section 1031 because the Labor Code provision was the more specific and more recently enacted statute. (*Moreno, supra,* 65 Cal.App.5th at pp. 257–258.) The court found Code of Civil Procedure section 1031 could be classified as either the general or

10

specific statute relative to Labor Code section 1194, subdivision (a). However, the court reasoned that the latter should be regarded as the more specific statute because "the type of wages in question was more important to the Legislature than the amount demanded" and gave "the specificity as to the type of wages precedence over the specificity as to the amount of recovery." (*Moreno*, at p. 258.) The court inferred "the Legislature intended all actions to recover minimum wages or overtime compensation to be subject to the reasonable attorney fees provision in Labor Code section 1194, subdivision (a)" to conclude Labor Code section 1194, subdivision (a) was "properly regarded as the more specific provision and it should control where it overlaps with section 1031." (*Moreno*, at p. 258.) The court also noted that, even if the specificity question was "regarded as a tossup, Labor Code section 1194, subdivision (a) would take precedence over section 1031 under the principle that the later enacted statute should prevail." (*Ibid*.)

In a similar fashion to the *Moreno* court, we conclude Labor Code section 1194, subdivision (a), is the more specific statute relative to Code of Civil Procedure section 1033, subdivision (a). Labor Code section 1194, subdivision (a), applies only to certain wage and hour actions whereas Code of Civil Procedure section 1033, subdivision (a), can apply to any case in which a plaintiff recovers less than the jurisdictional amount regardless of subject matter.

Our holding is consistent with our Supreme Court's and other appellate courts' interpretations of the scope of Code of Civil Procedure section 1033, subdivision (a).

For example, in *Chavez, supra*, 47 Cal.4th 970, our Supreme Court decided the issue of the interaction between Code

11

of Civil Procedure section 1033, subdivision (a), and Government Code section 12965, subdivision (b)— the California Fair Employment and Housing Act's (FEHA) (Gov. Code, § 12900 et seq.) fee provision. (*Chavez*, at p. 982.) There, the plaintiff recovered $11,500 for a FEHA retaliation claim. (*Chavez*, at p. 980.) The plaintiff's attorney requested $870,935.50 in fees and $13,144.26 in costs. (*Id.* at p. 981.) The trial court denied the motion for fees, relying on Code of Civil Procedure section 1033, finding the plaintiff should have brought his case as a limited jurisdiction civil proceeding. (*Chavez*, at p. 981.) The court of appeal reversed, reasoning while Code of Civil Procedure section 1033, subdivision (a), and FEHA both served laudable but conflicting purposes, applying Code of Civil Procedure section 1033, subdivision (a), to a FEHA plaintiff would discourage attorneys from taking meritorious cases. (*Chavez*, at pp. 981– 982.)

Our Supreme Court disagreed and reversed the Court of Appeal. (*Chavez*, *supra*, 47 Cal.4th at p. 982.) The court discussed the history of Code of Civil Procedure section 1033, subdivision (a), and explained that it generally applied when a plaintiff recovers an amount that could have been recovered in a court of lesser jurisdiction. (*Chavez*, at pp. 982–983.) "In this situation, even though a plaintiff who obtains a money judgment would otherwise be entitled to recover litigation costs as a matter of right, section 1033(a) gives the trial court discretion to deny, in whole or in part, the plaintiff's recovery of litigation costs." (*Ibid.*) With respect to Government Code section 12965, subdivision (b), the court found that, while a prevailing plaintiff is generally entitled to attorney fees, a trial court may deny a

12

FEHA plaintiff's fee request when "special circumstances would render the award unjust." (*Chavez*, at p. 985.)

In interpreting the two statutes, the court ruled there was "no irreconcilable conflict between section 1033(a) and the FEHA's attorney fee provision." (*Chavez*, *supra*, 47 Cal.4th at p. 986.) The court explained, the discretion afforded to trial courts under Code of Civil Procedure section 1033, subdivision (a), to deny prevailing parties their fees fell into FEHA's special circumstances exception that would render an award unjust. (*Chavez*, at p. 986.)

Relying on *Chavez*, Joe's Pizza argues since there is no Code of Civil Procedure section 1033, subdivision (a) " 'carve out' " for FEHA cases, we should likewise conclude there is no similar exemption for unpaid minimum and overtime wage cases.

We disagree. The *Chavez* court's holding hinged on its conclusion that FEHA's fee provision allowed for the denial of fees in special circumstances, which could include the over-filing of a case under Code of Civil Procedure section 1033, subdivision (a). (*Chavez*, *supra*, 47 Cal.4th at p. 986.) We find no similar exception to Labor Code section 1194, subdivision (a)'s mandatory one-way fee provision. Therefore, unlike FEHA's discretionary fee provision, which provides for instances where a total denial of fees and costs are appropriate, there is no analogous standard in a case governed by Labor Code 1194, subdivision (a). It follows then that Labor Code section 1194, subdivision (a)'s mandatory fee provision cannot be harmonized with a trial court's discretion under Code of Civil Procedure section 1033, subdivision (a) to deny litigation costs altogether.

Two other Courts of Appeal have found *Chavez* and Code of Civil Procedure section 1033, subdivision (a), are of limited

13

applicability in the context of a mandatory fee statute like Labor Code section 1194, subdivision (a).

In *Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761 (*Alamanor*), a homeowners association sought to impose fines against two property owners for violating the property's covenants, conditions and restrictions. (*Id*. at p. 765.) Following a bench trial, the trial court ruled against the property owners but also rejected as unreasonable many of the fines that the association had sought to impose. (*Ibid*.) On the parties' competing motions for attorney fees, the trial court determined the association to be the prevailing party and awarded it over $100,000 in attorney fees and costs. (*Ibid*.) The property owners appealed the attorney fees award, challenging the amount of the attorney fees award in light of the association's limited success at trial. (*Ibid*.) The property owners asserted that the fees were " 'grossly disproportionate' " to the monetary award and relied on Code of Civil Procedure section 1033, subdivision (a), and *Chavez* for the proposition that the trial court should have disallowed attorney fees and costs since the association recovered less than the statutory minimum to be classified as an unlimited civil matter. (*Alamanor*, at p. 777.)

The *Alamanor* court rejected the property owner's argument. "The reasoning of *Chavez* is of limited applicability here. Unlike the fee provision under FEHA, which is discretionary and therefore not irreconcilable with section 1033, subdivision (a), the fee-shifting provision of the Davis-Stirling Act is mandatory. [Citations.] The circumstances in which a court might deny or reduce a fee award under a permissive statutory provision, like FEHA, such as because special circumstances ' " 'would render an award unjust,' " ' do not apply equally where

14

a statute mandates attorney's fees to the prevailing party." (*Alamanor*, *supra*, 246 Cal.App.4th at pp. 778–779.)

Similarly, in *Nishiki v. Danko Meredith, P.C.* (2018) 25 Cal.App.5th 883 (*Nishiki*), an employee prevailed against her employer on her claim for waiting time penalties, and was awarded $4,250. (*Id.* at pp. 887–888.) The trial court awarded the employee $86,160 in attorney fees. (*Id.* at p. 888.) The employer appealed. Citing *Chavez*, the employer argued the trial court abused its discretion in not reducing the fee award given the employee's limited success. (*Nishiki*, at pp. 895–896.) The Court of Appeal rejected that argument, finding the reasoning of *Chavez* and other discretionary fee cases did not apply because the statute before it was a "one-way" attorney fees provision meant to ensure even employees who achieve minimal success are still entitled to an award of fees. (*Nishiki*, at p. 896.)

Like *Alamanor* and *Nishiki*, we find *Chavez*'s reasoning is of limited value where a mandatory fee statute controls.

As a note of caution, our holding should not be read as a license for attorneys litigating minimum and overtime wage cases to over-file their cases or request unreasonable and excessive cost awards free of consequence. Under Labor Code section 1194, subdivision (a), a prevailing employee is still only entitled to a reasonable fee and cost award. (See *Harrington*, *supra*, 160 Cal.App.4th at p. 594.) In assessing requests for litigation costs, trial courts must always be guided by what is reasonable and exercise their discretion to strike costs or reduce fees they find unreasonable. (See *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095; *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133.)

On this last point, we find *Harrington* illustrative. There, an employee filed a class action for unpaid overtime wages. (*Harrington*, *supra*, 160 Cal.App.4th at p. 591.) After class certification was denied, the employee's remaining individual claim was for $44.63 in unpaid wages. (*Ibid*.) The employer ultimately settled the case for $10,500 and agreed that for purposes of attorney fees, the employee would be deemed the prevailing party. (*Id*. at pp. 591–592.) The employee then requested more than $46,000 in attorney fees and more than $2,200 in costs. (*Id*. at p. 592.) The trial court denied the employee's request, finding it unreasonable and excessive, and that the employee had already been paid a windfall of $10,500 for a $44 overtime claim. (*Id*. at p. 593.)

After the employee appealed, the Court of Appeal reversed the denial but fixed the fee award at $500. (*Harrington*, *supra*, 160 Cal.App.4th at pp. 593–594.) Although the *Harrington* court found the employee was entitled to an award of fees under various provisions of the Labor Code, including Labor Code section 1194, subdivision (a), "there [was] no way on earth this case justified the hours purportedly billed by Harrington's lawyers." (*Harrington*, at pp. 593–594.) Given the nature of the dispute, the amount of the settlement, and the record on appeal, the court was "satisfied that the trial court could not reasonably award an amount in excess of $500." (*Id*. at p. 594.)

Thus, as *Harrington* demonstrates, there are still sufficient consequences for attorneys who make unreasonable and excessive requests to recover fees and costs even in the face of a mandatory fee statute like Labor Code section 1194, subdivision (a).

16

## IV. Gramajo is entitled to a reasonable fees and costs

Since we conclude Gramajo was entitled to his reasonable fees and costs, we remand the matter back to the trial court, which is in the best position to assess the value of the services rendered by Gramajo's attorney. (*Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 427.) We reiterate, under Labor Code section 1194, subdivision (a), Gramajo is only entitled to his reasonable fees and costs, nothing more. (See *Harrington, supra*, 160 Cal.App.4th at p. 594; *Karton v. Ari Design & Construction, Inc.* (2021) 61 Cal.App.5th 734, 743–750 [reviewing factors a trial court may weigh when determining a reasonable fee].)

## DISPOSITION

The orders denying Appellant's motion for attorney fees and granting Respondents' motion to tax costs are reversed, and the cause is remanded to the trial court to exercise its discretion to determine a "reasonable" fee for Appellant's attorney, as well as Appellant's costs under Labor Code section 1194, subdivision (a). The parties are to pay their own costs on appeal, including their own attorney fees.

VIRAMONTES, J.

WE CONCUR:

GRIMES, Acting P. J.

WILEY, J.

17