[No. E050631. Fourth Dist., Div. Two. Aug. 11, 2011.]

LARRY PLANCICH, Plaintiff and Respondent, v.
UNITED PARCEL SERVICE, INC., Defendant and Appellant.

COUNSEL

Paul, Hastings, Janofsky & Walker, Paul Hastings, George W. Abele and Caroline Lee Elkin for Defendant and Appellant.

Furutani & Peters and John A. Furutani for Plaintiff and Respondent.

OPINION

MILLER, J.—Larry Plancich (Plancich) sued United Parcel Service, Inc. (UPS), for (1) failing to pay overtime compensation (Lab. Code, §§ 510, 1194, 1198); (2) failing to provide meal and rest breaks (Lab. Code, §§ 226.7, 512); (3) failing to keep, maintain, and furnish accurate wage statements and time records (Lab. Code, §§ 226, 226.3, 1174, 1174.5); (4) conversion (Civ. Code, § 3336); (5) a preliminary and permanent injunction, as well as other equitable relief; and (6) unfair competition (Bus. & Prof. Code, § 17200 et seq.). The trial court found in favor of UPS on the unfair competition cause of action. A jury found in favor of UPS on the remaining causes of action. The trial court awarded costs to UPS, but then granted Plancich's motion to strike costs. UPS contends that the trial court erred by granting the motion to strike costs. We reverse the order granting the motion to strike costs.

## FACTUAL AND PROCEDURAL HISTORY

In his complaint, Plancich alleged he was employed by UPS as an onroad supervisor. Plancich asserted he worked more than eight hours per day, and

more than 40 hours per week. Plancich further alleged UPS erroneously classified him as an exempt employee. Plancich asserted his position did not fall within the criteria for an executive, administrative, or professional exemption, because he was not allowed to regularly exercise discretion or independent judgment when performing his job.

As detailed *ante*, Plancich sued UPS based upon a variety of causes of action, including failing to pay overtime compensation and failing to provide breaks. The jury found Plancich was an exempt employee under one or more of the following exemptions: executive exemption, administrative exemption, or the Motor Carrier Act of 1980 (Pub.L. No. 96-296, July 1, 1980, 94 Stat. 793). As to the unfair competition cause of action, the trial court found in favor of UPS. The trial court entered judgment in favor of UPS, and ordered that Plancich take nothing from UPS. The trial court further ordered that UPS recover its costs from Plancich, in an amount to be determined.

On November 19, 2009, UPS filed a memorandum of costs with a total cost amount of $38,387.20. Plancich filed a motion to strike and tax costs. Plancich argued that in *Earley v. Superior Court* (2000) 79 Cal.App.4th 1420 [95 Cal.Rptr.2d 57] (*Earley*), the appellate court held an employer may not recover costs in an employee's unsuccessful case for overtime compensation, per Labor Code section 1194 (hereinafter section 1194). Plancich asserted the trial court was bound by this precedent, and therefore could not order Plancich to pay UPS's costs. In other arguments, Plancich contended UPS's costs were unreasonable.

UPS opposed Plancich's motion. UPS argued that Code of Civil Procedure section 1032, subdivision (b) required that costs be awarded to the prevailing party. UPS asserted *Earley* was irrelevant because the decision did not address a prevailing party's right to costs under Code of Civil Procedure section 1032, subdivision (b). UPS further asserted its costs were "reasonably necessary."

On February 2, 2010, Plancich responded to UPS's opposition. Plancich argued section 1194 prevented UPS from recovering its costs, and UPS's costs could not be apportioned, because all of the claimed costs related to the section 1194 claim.

On February 10, 2010, the trial court held a hearing on the motion. The trial court noted UPS's motion for costs was unsupported by any invoices or

receipts. The trial court stated it read and reread the *Earley* case, and concluded the case fully explored "the public policy behind the one-way fee shifting provisions of section 1194." The trial court explained that if costs were allowed to be recovered in this matter under Code of Civil Procedure section 1032, subdivision (b), then "the public policy benefits of section 1194 would be eviscerated."

In regard to apportionment, the trial court found Plancich's other claims— the nonovertime claims—were not contract claims. The trial court noted, "[t]he distinction between statutory and contract wage claims is critical in terms of the relationship between public policy and attorney fees and costs." Since all of Plancich's claims were statutorily based, the trial court concluded any apportionment of costs would "defeat the legislative intent and create a chilling effect on workers who have had their statutory rights violated." Accordingly, the trial court granted the motion to strike costs in its entirety.

## DISCUSSION

### A. *Code of Civil Procedure Section 1032*

UPS contends it is entitled to costs pursuant to Code of Civil Procedure section 1032, subdivision (b). We agree.

Code of Civil Procedure section 1032, subdivision (b), provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." In *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 991 [73 Cal.Rptr.2d 682, 953 P.2d 858] (*Murillo*), our high court concluded that if a statute is silent regarding costs for a particular party, then the statute does not contain an "express" costs provision for that particular party. For example, in *Murillo*, the court examined Civil Code section 1794, subdivision (d), which gives a prevailing buyer the right to recover "costs and expenses, including attorney's fees"; however, the statute does not mention prevailing sellers. (*Murillo*, at p. 991.) Our Supreme Court concluded the failure to mention prevailing sellers in Civil Code section 1794 meant that the statute did not include an "express" exception preventing sellers from recovering their costs under Code of Civil Procedure section 1032. (*Murillo*, at p. 991.)

Section 1194, subdivision (a), provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal

minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Based upon the foregoing law, we must determine whether section 1194 provides an express exception to the general rule that a prevailing party is entitled to costs. (Code Civ. Proc., § 1032, subd. (b).)

■ "The rules governing statutory interpretation are well settled. We begin with the fundamental principle that '[t]he objective of statutory construction is to determine the intent of the enacting body so that the law may receive the interpretation that best effectuates that intent. [Citation.]' [Citation.] To ascertain that intent, 'we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.]' [Citation.] The statute's every word and clause should be given effect so that no part or provision is rendered meaningless or inoperative. [Citations.] Moreover, a statute is not to be read in isolation, but construed in context and ' "with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citations.]" ' [Citation.] 'If the statutory language is unambiguous, "we presume the Legislature meant what it said, and the plain meaning of the statute governs." [Citations.]' [Citations.]" (*Compulink Management Center, Inc. v. St. Paul Fire & Marine Ins. Co.* (2008) 169 Cal.App.4th 289, 296 [87 Cal.Rptr.3d 72] (*Compulink*).)

■ Section 1194 gives a prevailing *employee* the right to recover attorney's fees and costs; however, the statute makes no mention of prevailing *employers*. In other words, the statute does not contain express language excluding prevailing employers from recovering their costs; any suggestion that a prevailing employer is prohibited from recovering its costs is, at most, implied by the language of section 1194. (See *Murillo, supra*, 17 Cal.4th at p. 991 [similar reasoning when examining Civ. Code, § 1794].) Accordingly, based on the plain meaning of the words of the statutes in question, section 1194 does not provide an "express" exception to the general rule permitting an employer, as a prevailing party, to recover costs under Code of Civil Procedure section 1032, subdivision (b), because Labor Code section 1194 makes no mention of prevailing employers. (See *Murillo*, at p. 991 [similar conclusion].)

■ Our interpretation of Code of Civil Procedure section 1032, subdivision (b) and Labor Code section 1194, does not render section 1194 meaningless or inoperative. Section 1194 is still necessary for purposes of

clearly setting forth that a prevailing employee is entitled to collect not only his costs, but his attorney's fees as well. In sum, the plain language of the statutes is unambiguous—Code of Civil Procedure section 1032, subdivision (b) requires express statutory language exempting a prevailing party from recovering his costs, and section 1194 does not contain language barring a prevailing employer from collecting his costs. Further, the application of the plain language will not render Code of Civil Procedure section 1032 or section 1194 inoperative. Therefore, we rely on the plain meaning of the Legislature's wording in concluding UPS is entitled to recover its costs.

Plancich asserts Code of Civil Procedure section 1032, subdivision (b) is not applicable to the instant case. Plancich argues Labor Code section 218.5 governs whether a prevailing party can collect costs in a suit for nonpayment of wages.

Labor Code section 218.5 provides: "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. This section shall not apply to an action brought by the Labor Commissioner. . . . [¶] This section does not apply to any action for which attorney's fees are recoverable under [Labor Code s]ection 1194."

Assuming, without deciding, that Plancich is correct and Labor Code section 218.5 controls the awarding of costs in suits brought for unpaid wages, then UPS should still be awarded its costs. UPS was the prevailing party in this action. In UPS's answer to Plancich's complaint, UPS requested that UPS "be awarded its reasonable costs and attorneys' fees." Accordingly, UPS fulfilled the requirements for being awarded costs under Labor Code section 218.5, namely, it was the prevailing party and it requested costs be awarded at the initiation of the action. Accordingly, we are not persuaded by Plancich's argument.

Next, Plancich raises an argument that relies primarily on the *Earley* opinion. In *Earley*, the petitioners were seeking to recover unpaid overtime compensation. (*Earley, supra,* 79 Cal.App.4th at p. 1423.) At the appellate court, the petitioners sought review of a trial court order made during part of the class certification process, which required a notice be sent to absent class members giving them the option to opt out of the class action. (*Ibid.*) The petitioners questioned whether it was proper to include, in the notice, a

warning that absent class members might be responsible for the defendant's attorney's fees and costs if the petitioners' suit was unsuccessful. (*Id.* at pp. 1423–1424.) In order to resolve the matter, the appellate court considered whether the Labor Code allowed for a prevailing employer to recover attorney's fees in a suit for overtime compensation. (*Id.* at p. 1424.)

The petitioners argued section 1194 was a specific statute that allowed for attorney's fees to be awarded only to a prevailing employee—not an employer. (*Earley, supra,* 79 Cal.App.4th at p. 1426.) The petitioners asserted Labor Code section 218.5, a more general statute than section 1194, should not be applied, because the specific provisions of section 1194 were controlling. (*Earley,* at p. 1426.) The *Earley* court described Labor Code section 218.5 as entitling "the prevailing party, in any action for 'wages,' to a mandatory award of costs and attorney's fees if, . . . any party requests costs and fees at the start of the case." (*Earley,* at p. 1427, italics omitted.)

The *Earley* court examined the legislative histories of Labor Code sections 218.5 and 1194. (*Earley, supra,* 79 Cal.App.4th at pp. 1427–1429.) Based on that history, the appellate court concluded the Legislature intended to give special treatment to claims for unpaid overtime compensation when it enacted section 1194. (*Earley,* at p. 1428.) Additionally, the appellate court noted that one-way fee shifting provisions tend to serve specific public policies, which would be vitiated if the fee awards were reciprocal. (*Id.* at p. 1429.) Based upon the foregoing, the appellate court held that section 1194 "should be recognized as the sole statutory authority for the award of attorney's fees upon the successful prosecution" of employees' overtime claims. (*Earley,* at p. 1429, italics omitted.)

The appellate court went on to conclude that absent class members could not be held liable for a prevailing employer's attorney's fees and costs. (*Earley, supra,* 79 Cal.App.4th at p. 1431.) The appellate court explained absent class members are almost never liable for fees or costs, and "are not subject to coercive or punitive remedies." (*Ibid.*) The appellate court noted placing all of the cost risk on the named plaintiffs might have a chilling effect on overtime compensation lawsuits; however, the court believed that risk may be outweighed by the potential recovery. (*Id.* at pp. 1431, 1433.)

We do not find the *Earley* opinion to be persuasive authority in this case, because the *Earley* opinion did not discuss the costs provision of Labor Code section 1194 in relation to Code of Civil Procedure section 1032, subdivision (b). Rather, the opinion was focused on the issue of attorney's fees in

section 1194, and how that provision related to Labor Code section 218.5, as well as issues related to absent class members. Nevertheless, we will address Plancich's argument.

■  Relying on the *Earley* case, Plancich argues that allowing a prevailing employer to collect costs will have a chilling effect on employees bringing suit for unpaid overtime compensation. While Plancich may be correct, we cannot ignore the plain language of Code of Civil Procedure section 1032, subdivision (b), and Labor Code section 1194. (See *Murillo, supra,* 17 Cal.4th at p. 993 [the court cannot "ignore the actual words of the statute in an attempt to vindicate our perception of the Legislature's purpose in enacting the law"].) As set forth *ante,* Code of Civil Procedure section 1032, subdivision (b) requires express statutory language exempting a prevailing party from an award of costs. Section 1194 makes no mention of a prevailing employer, and therefore, does not contain the express language Plancich would need to show that UPS is not entitled to its costs. Plancich's argument about the chilling effect on employee lawsuits cannot be reached by this court, because when the statutory language is unambiguous, as it is in this case, then the plain meaning of the statute governs the outcome. (*Compulink, supra,* 169 Cal.App.4th at p. 296.) The argument that a possible chilling effect could result from prevailing employers recovering their costs is more properly addressed to the Legislature.[1] (See *Murillo,* at p. 994 [the argument that the law should favor consumers "is more properly addressed to the Legislature"].)

## B.  *Evidence of Costs*

Plancich, in his respondent's brief, contends UPS did not present evidence of its costs, such as invoices or receipts. We do not address this issue, because the trial court did not award a specific amount of costs to UPS, rather, the trial court granted the motion to strike costs in its entirety. Whether UPS has evidence to support the costs that it is claiming is not ripe for our review, because thus far a specific amount of costs has not been awarded. (See *Low v. Golden Eagle Ins. Co.* (2002) 101 Cal.App.4th 1354, 1367 [125 Cal.Rptr.2d 155] [issue is not ripe when there is no decision to review].)

---

[1] In *Murillo,* our Supreme Court noted "that when the Legislature intends to restrict the recovery of costs to just one side of a lawsuit, it knows how to express such restriction. (See Pub. Contract Code, § 10421 [the state, or person acting on the state's behalf, may sue and, if successful, collect costs and attorney fees; contracting entity not entitled to recover costs or attorney fees].)" (*Murillo, supra,* 17 Cal.4th at p. 999.) If the Legislature wants to restrict prevailing employers from recovering their costs then the Legislature will need to amend section 1194 to include an express restriction.

## DISPOSITION

The order granting the motion to strike costs is reversed. Appellant is awarded its costs on appeal.

Richli, Acting P. J., and King, J., concurred.